In the

# United States Court of Appeals

## For the Seventh Circuit

No. 20-2067

MERETHA ARNOLD,

*Plaintiff-Appellant,*

*v.*

ANDREW M. SAUL,
Commissioner of Social Security,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Northern District of Indiana, Fort Wayne Division.
No. 1:19-CV-151-HAB — **Holly A. Brady**, *Judge.*

ARGUED JANUARY 19, 2021 — DECIDED MARCH 11, 2021

Before ROVNER, HAMILTON, and ST. EVE, *Circuit Judges.*

ST. EVE, *Circuit Judge.* Meretha Arnold applied for Social
Security disability benefits based on ailments related to her
back, heart, and joints, as well as chronic pain syndrome. Fol-
lowing the initial denial of her claim, Arnold requested a
hearing before an administrative law judge (ALJ). Arnold tes-
tified at the hearing, as did a vocational expert. In a written
decision after the hearing, the ALJ concluded that Arnold was

not disabled. The ALJ found that Arnold had several severe impairments, but that she retained the ability, with certain movement restrictions, to perform her past relevant work as a daycare center director. *See* 20 C.F.R. § 404.1520(a)(4)(iv). After exhausting her administrative appeal rights, Arnold sought review of the ALJ's decision in federal district court. The district court affirmed the ALJ's decision, and Arnold now appeals.

Arnold raises one issue on appeal. She claims that the ALJ failed to analyze whether the side effects of her medications impacted her ability to work. We review the district court's ruling de novo and ask if the ALJ's decision was supported by substantial evidence. *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018). Substantial evidence is "evidence that 'a reasonable mind might accept as adequate to support a conclusion.'" *Zoch v. Saul*, 981 F.3d 597, 601 (7th Cir. 2020) (per curiam) (quoting *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019)). Applying this deferential standard, we affirm. While there is some evidence of side effects in the record, there is no evidence that the side effects impacted Arnold's ability to work.

As part of the disability determination, the ALJ considers a claimant's symptoms. 20 C.F.R. § 404.1529(a). First, the ALJ considers the claimant's subjective account of her symptoms. *Id.* Then, the ALJ looks for "objective medical evidence" of "medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* If medical evidence verifies the impairments, the ALJ next evaluates the "intensity and persistence" of the symptoms to determine how they affect the claimant's ability to work. § 404.1529(c)(1). Some of the factors that the ALJ considers at this stage are "[t]he type, dosage, effectiveness, and side effects of any

medication you take or have taken to alleviate your pain or other symptoms." § 404.1529(c)(3)(iv).

The ALJ found that Arnold had medical impairments that could be causing the symptoms she described. (These symptoms included back pain, irritable bowel syndrome, standing limitations from coronary atrial fibrillation, and arthritic flares.) At the same time, the ALJ found that Arnold's statements about the intensity and severity of the symptoms were inconsistent with the medical evidence. Among other things, the ALJ observed that Arnold had "consistently noted effectiveness of pain medication without side effects." The ALJ made this statement while discussing Arnold's thumb pain, but it referenced an exhibit in the administrative record in which a treating physician noted, regarding Arnold's back pain and other issues, that Arnold reported that her "current medications are helping without any side effects." The ALJ did not otherwise discuss side effects.

Arnold claims that the ALJ improperly ignored other evidence of side effects in the record. For example, one of Arnold's treating doctors told her not to work, drive, or operate heavy machinery while medicated. And her medical records indicate that a beta blocker medication made her tired and possibly fatigued; that Arnold thought one of her medications (Rhythmol) was causing her mouth sores, nightmares, and difficulty sleeping; and that Arnold occasionally became dizzy (though there was no express link between the dizziness and any medication).

On this record, the ALJ was not required to make findings about Arnold's side effects. Nothing in the record suggests that Arnold suffered side effects that actually impacted her ability to work. Arnold relies primarily on her doctor's

warning against working, driving, and operating heavy machinery while medicated. But this warning is not evidence that Arnold experienced these potential side effects. At most, it is evidence that her medications could cause side effects—not that they did. *See Schaaf v. Astrue*, 602 F.3d 869, 876 (7th Cir. 2010) (per curiam) (noting that it would be "speculation to assume that [the claimant] automatically suffers from" the common side effects of a medication). Indeed, the same doctor noted that Arnold was taking her medication without experiencing any side effects. As for the tiredness, fatigue, mouth sores, sleep difficulties, and dizziness, Arnold simply points out that she complained of these side effects, without explaining how, if at all, they impacted her ability to work. *See* 42 U.S.C. § 423(d)(5)(A) (requiring the claimant to prove that she is disabled). An ALJ considers side effects from medication insofar as they "limit [a claimant's] capacity for work." 20 C.F.R. § 404.1529(c). On this record, any conclusion about how any of Arnold's side effects impacted her ability to work would be pure speculation. Thus, the ALJ did not have to make specific findings about side effects. *See Schaaf*, 602 F.3d at 876; *Nelson v. Sec'y of Health & Human Servs.*, 770 F.2d 682, 685 (7th Cir. 1985) (per curiam).

AFFIRMED